**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4301**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

STACEY THOMPSON, a/k/a Stacy Thompson,

          Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:09-cr-00125-IMK-1)

Submitted:  August 26, 2010      Decided:  September 1, 2010

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stacey Thompson appeals his conviction and sentence, following his guilty plea to one count of being a felon in possession of a firearm while on pretrial release, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 3147 (2006). Thompson's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion, Thompson's appeal presents no meritorious issues, but asking this court to consider whether Thompson's plea was knowing and voluntary. Thompson was advised of his right to file a pro se supplemental brief, but has not filed a brief. The Government has moved to dismiss the appeal on the basis of the waiver of appellate rights contained in Thompson's plea agreement.

We review the validity of an appellate waiver de novo, United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991).

To determine whether a waiver is knowing and voluntary, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as

2

the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. Wessells, 936 F.2d at 167-68. Our review of the record discloses that Thompson's appellate waiver was knowing and voluntary and should be enforced to preclude our review of any potential sentencing errors pursuant to Anders. The waiver, however, does not preclude our review of Thompson's conviction.

Because Thompson did not move in the district court to withdraw his guilty plea, any error in the Fed. R. Crim. P. 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the record convinces us that the district court fully complied with the requirements of Rule 11 in accepting Thompson's guilty plea, and ensured that Thompson's plea was knowing and voluntary and supported by a sufficient factual basis. See United States v. DeFusco, 949 F.2d 114, 116-20 (4th Cir. 1991).

Accordingly, we deny the Government's motion to dismiss in part and affirm Thompson's conviction. We grant the motion to dismiss with regard to any potential sentencing error that may be revealed by our review pursuant to Anders. In

3

accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues. We therefore affirm Thompson's conviction. This court requires that counsel inform Thompson, in writing, of the right to petition the Supreme Court of the United States for further review. If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thompson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

4